Newman, J.,
dissenting. I do not concur in the third proposition of the syllabus or in the judgment in this case.
In 1912 defendant in error recovered a verdict and judgment in the court of common pleas. Error was prosecuted to the circuit court and at the October, 1912, term of that court the judgment of the court of common pleas was reversed upon the ground that the verdict and judgment were clearly and manifestly against the weight of the evidence. The mandate remanding the case to the court of common pleas, however, was not issued by the then court of appeals until February 20, 1913, so that *67 the case was pending in the circuit court on the first day of January, 1913, and error could have been prosecuted to this court under the provisions of Section 6, Article IV of the Constitution, adopted September 3, 1912, effective January 1, 1913. Akron v. Roth, 88 Ohio St., 456. Instead, the case was remanded to the court of common pleas and again tried to a jury and resulted in a verdict and judgment in favor of defendant in error. From this judgment error was prosecuted to the court of appeals, the petition in error being filed June 7, 1914. It was a case brought into the court of appeals, within the meaning of Section 6, Article IV, after that section became effective. The fact that the controversy had been presented to the circuit court upon a former petition in error, filed prior to the. taking effect of Section 6, did not exempt it from the provisions of the section relating to cases brought into the court of appeals after the section became effective. The constitutional provision is that all pending cases and proceedings in the circuit courts shall proceed to judgment and be determined by the respective courts of appeals, and the supreme court, as then provided by law, and cases brought into the courts of appeals after the taking effect of the section are subject to the provisions thereof. Under this provision, as we have stated, when this matter was in the circuit court in 1913, it could have proceeded to judgment in that court and in this court according to the provisions of law in force when the constitutional amendments went into effect. But when the case was remanded to the court of common pleas and another trial had and *68 a judgment rendered and error was prosecuted from that judgment to the court of appeals, the case was subject to the provisions of Section 6 and was under the jurisdiction of the court of appeals as conferred by that section. The judgment under review here was rendered upon the petition in error filed June 7, 1914, in a new proceeding in error coming into the court of appeals after Section 6 became effective, and this court is entertaining jurisdiction not because it was a pending case but because a constitutional question is involved. The court of appeals affirmed the judgment of the court of common pleas upon the ground that the circuit court having, on October 24, 1912,. reversed the judgment of the court of 'common pleas upon the ground that the verdict and judgment were against the weight of the evidence, it, the court of appeals, under the terms and provisions of Section 11577, General Code, was wholly without jurisdiction to review the evidence presented in the record for the purpose of determining the weight thereof.
The question presented is, Does Section 11577, which -provides “The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case,” conflict with Section 6, Article IV of the Constitution as amended ?
The general schedule of the constitution provides that all laws in force when the amendments took effect and not inconsistent therewith shall continue *69 in force until amended or repealed, and we subscribe to the rule announced in the syllabus here, following Cass v. Dillon, 2 Ohio St., 607, that before a statute can fall by reason of'such inconsistency the repugnancy must be necessary and obvious, and if by any fair course of reasoning the statute and constitution can be reconciled, the statute must stand.
In The Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, it was held that Section 6, Article IV of the Constitution, confers jurisdiction upon the court of appeals to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district, and the general assembly has no power to enlarge or limit the jurisdiction- conferred by the constitution of the state, but may provide by law for the method of exercising that jurisdiction. In the majority opinion here jurisdiction is .defined. We adopt that definition. It is the power to hear and determine causes; the authority by which judicial officers take cognizance of and decide them; the power of a court or judge to entertain an action, petition or other proceeding; the power constitutionally conferred upon judges or magistrates to take cognizance of and determine causes according to law and carry their sentence into execution.
As we view it, Section 11577 is aimed directly at the very power of the court. It certainly does not relate to practice or procedure, as those terms are defined in the majority opinion, or prescribe a mode of proceeding or regulate the steps in an action, but it. attempts to restrict and limit the power *70 of the court of appeals in reviewing judgments, which the general assembly cannot do, as this court held in The Cincinnati Polyclinic v. Balch, supra. It is provided in Section 6 that no judgment of a court of common pleas shall be reversed except by the concurrence of all the judges of the court of appeals on the weight of the evidence. In this provision the jurisdiction and power of the court of appeals to reverse upon the weight of the evidence are recognized, and the only limitation placed upon the exercise of that power is that all the judges must concur.
It is suggested that the one great purpose of the constitutional convention of 1912 was to have one trial and one review. This, we think, refers to the number of reviewing courts. The constitutional convention intended to and did do away with a review by.this court in nearly every case. True, when a judgment of the court of common pleas is affirmed, that is the end of the litigation, except in the cases coming expressly within the jurisdiction of this court. But it certainly cannot be contended seriously that where a judgment is reversed by the court of appeals and the cause remanded, there can be no other review of the matter by the court of appeals. The framers of the constitution never intended that there should be one review in the literal sense of the 'word. A case begun in the common pleas may reach the court of appeals as many times. as error has intervened in the trial of the case.
If the statute we are considering is to be treated as a rule of procedure, then the general assembly could enact a law upon that theory providing that there can be no reversal upon the weight of the evi *71 dence. It could go farther and provide that there can be no reversal on the ground that there is error in the charge of the court, and so on, until there would remain no ground upon which a reversal could be had, and the rule, carried to its logical end, would result in the general assembly not only limiting the jurisdiction of the court of appeals in the reversal of judgments but abrogating it entirely.
We think, therefore, that Section 11577, which limits the power of the court of appeals in reviewing the 'judgments of the common pleas and superior courts, is irreconcilably in conflict with the provisions of the constitution.